**PHILIP D. STERN & ASSOCIATES, LLC**
697 Valley Street, Suite 2D
Maplewood, NJ 07040-2642
Telephone: (973) 379-7500
Attorney of Record: Philip D. Stern
Attorneys for Plaintiff, Mark A. Apostolou,
and all others similarly situated

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK A. APOSTOLOU, an individual, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GLOBAL CREDIT & COLLECTION CORPORATION, a Delaware Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,<br><br>　　　　Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT** |

　　　　Plaintiff, Mark A. Apostolou ("APOSTOLOU"), on behalf of himself and all others similarly situated, by way of Complaint against the Defendants, say:

### I.  PARTIES

　　　　1.　　APOSTOLOU is a natural person.

　　　　2.　　At all times relevant to this complaint, APOSTOLOU was a citizen of, and resided in, the Township of Livingston, Essex County, New Jersey.

　　　　3.　　At all times relevant to this complaint, GLOBAL CREDIT &

pds1438

COLLECTION CORPORATION ("GLOBAL CREDIT") is a for-profit corporation existing pursuant to the laws of the State of Delaware. GLOBAL CREDIT maintains its principal business address at 300 International Drive, Suite 100, Village of Williamsville, Erie County, New York.

4. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of GLOBAL CREDIT that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by GLOBAL CREDIT and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## II. JURISDICTION & VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

8. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391 because the events giving rise to APOSTOLOU's claims occurred within this federal judicial district, and because the Defendants reside in the State of New Jersey within the meaning of 28 U.S.C. § 1391(b) and (c).

### III. PRELIMINARY STATEMENT

9. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, brings this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from Plaintiff and others. Plaintiff alleges that the Defendants' collection practices violate, *inter alia*, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

10. Such practices include, *inter alia*:

(a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of Defendants' identity;

(b) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(c) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

pds1438

11. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

12. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950 F.2d 107, 111, fn5 (3d Cir. 1991).

13. To prohibit harassment and abuse by debt collectors the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and enumerates a non-exhaustive list of such conduct which is deemed to violate that section. 15 U.S.C. §1692d(1)-(6). In

that list is the placement of telephone calls without meaningful disclosure of the caller's identity. 15 U.S.C. §1692d(6).

14. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692e, provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and enumerates a acts and omissions which are deemed to violate that section. 15 U.S.C. §1692e(1)-(16). In that list is the failure by debt collectors to disclose, in initial oral communications, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and, in subsequent communications, that the communication is from a debt collector. 15 U.S.C. §1692e(11).

15. The Plaintiff, on behalf of himself and all others similarly situated, seeks certification of this action as a class action, statutory damages, attorney fees and costs pursuant to the FDCPA, declaratory judgment and all other relief, equitable or legal in nature, as deemed appropriate by this Court.

## IV. FACTS

16. Sometime prior to December 22, 2008, APOSTOLOU allegedly incurred a financial obligation ("Apostolou Obligation").

17. APOSTOLOU is unaware of the identity of the creditor or the basis for the Apostolou Obligation.

pds1438

18. To the best of APOSTOLOU's recollection, he has never incurred a financial obligation except one which arose out of one or more transactions in which the money, property, insurance, or services which are the subject of the transactions are primarily for personal, family, or household purposes.

19. Defendants contend that the Apostolou Obligation is in default.

20. The Apostolou Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

21. APOSTOLOU is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

22. APOSTOLOU is informed and believes, and on that basis alleges, that sometime prior to November 2008, the creditor of the Apostolou Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to GLOBAL CREDIT for collection.

23. To date, APOSTOLOU has not received any written communications from GLOBAL CREDIT.

24. On at least the date of December 22, 2008, GLOBAL CREDIT left APOSTOLOU the following pre-recorded message on his cellular telephone voicemail system ("Message"):

> Federal law prevents me from leaving more detailed information on the voice recording. Please call 1-866-350-7727 or press "1" for English.

pds1438

25. The telephone number 866-350-7727 is answered by GLOBAL CREDIT.

26. GLOBAL CREDIT collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

27. GLOBAL CREDIT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

28. Within the one year immediately preceding the filing of this complaint, GLOBAL CREDIT contacted Plaintiff via telephone in an attempt to collect the Apostolou Obligation.

29. Within the one year immediately preceding the filing of this complaint, Plaintiff received a Message left on his answering machine or voice mail.

30. The Message was left by persons employed by GLOBAL CREDIT as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

31. The Message was left in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

32. The Message conveyed information regarding a debt directly or indirectly to APOSTOLOU.

33. The Message is a "communication" as defined by 15 U.S.C. §

1692a(2).

34. The Message failed to provide meaningful disclosure of GLOBAL CREDIT's identity as the caller.

35. The Message failed to identify GLOBAL CREDIT by its name as the caller.

36. The Message failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

37. The Message failed to disclose that the communication was from a debt collector.

38. GLOBAL CREDIT's act of leaving the Message for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

39. GLOBAL CREDIT's act of leaving the Messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

40. The FDCPA secures the consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and that GLOBAL CREDIT is a debt collector in a manner understandable to the least sophisticated consumer, GLOBAL CREDIT has engaged in conduct designed to deprive consumers of their

pds1438

right to have a debt collector cease further communications.

## V.  POLICIES AND PRACTICES COMPLAINED OF

41. It is GLOBAL CREDIT's policy and/or practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that uniformly:

(a) Failed to provide meaningful disclosure of GLOBAL CREDIT's identity as the caller;

(b) Failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt); and

(c) Failed to disclose that the communication was from a debt collector.

42. On information and belief, GLOBAL CREDIT left messages on more than 50 consumers' telephone answering devices which are the same as or substantially the same as the Message in that it failed to provide meaningful disclosure of GLOBAL CREDIT's identity as the caller, to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt), and to disclose that the communication was from a debt collector.

## VI.  CLASS ALLEGATIONS

43. Plaintiff brings this action on behalf of himself and all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks to certify this action as a class action.

pds1438

44. The Class consists of all persons with telephone numbers in the 973 area code for whom Defendants (or any of them), while seeking payment of a debt, left a Message by dialing that telephone number within the Time Period. "Message" means a voice recording placed on a class member's answering machine or voicemail by Defendants (or any of them) while attempting to collect a debt which did not disclose either GLOBAL CREDIT's identity as the caller, the purpose or nature of the communication (i.e., an attempt to collect a debt), or that the Message was being left by a debt collector. "Time Period" means the continuous period of time beginning on the earliest date which is within one year prior to the filing of this Complaint and ending on the twentieth day after service of the Summons and Complaint. Plaintiff may seek to include all such persons but with telephone numbers in any area code assigned to any part of the State of New Jersey.

43. The identities of all class members are ascertainable from the records of GLOBAL CREDIT and those companies and governmental entities on whose behalf GLOBAL CREDIT attempts to collects debts.

44. Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of GLOBAL CREDIT, Defendants, and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

45.  There are questions of law and fact common to the Class. Those principal issues are whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

46.  Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

47.  Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor his attorney has any interests, which might cause them not to vigorously pursue this action.

48.  This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **<u>Numerosity:</u>** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

   (b) **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants'

telephonic voice messages, such as the Messages, violate 15 U.S.C. §§1692d(6) and 1692e(11).

(c) **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. An important public interest will

be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and the potential inconsistent or contradictory adjudications will be avoided as contemplated by Rule 23(b)(1) of the Federal Rules of Civil Procedure.

79. Certification of the Class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants, which, on information and belief, collect debts throughout the United States of America.

80. Certification of the Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the Messages violate 15 U.S.C. §1692d(6) and/or §1692e(11) is tantamount to declaratory relief and the additional damages allowable under the FDCPA would be merely incidental to that determination.

81. Certification of each Plaintiff Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

82. Plaintiff may seek certification only as to particular issues as permitted under Fed.R.Civ.P. 23(c)(4).

### VII.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

83. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

84. Defendants violated the FDCPA. Defendants' violations with respect to the Message include, but are not limited to, the following:

(a) Placing a telephone call without providing meaningful disclosure of GLOBAL CREDIT's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(b) Failing to state the nature or purpose of the call in violation of 15 U.S.C. § 1692d(6);

(c) Failing to disclose in its initial communication with the consumer that GLOBAL CREDIT is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(d) Failing to disclose in all oral communications that GLOBAL CREDIT is a debt collector in violation of 15 U.S.C. § 1692e(11).

## VIII.  PRAYER FOR RELIEF

85.  WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Class as follows:

A.  An order certifying that the First Cause of Action or, in the alternative, particular issues within the First Cause of Action, may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Class.

B.  An award of the maximum "additional damages" for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

C.  Declaratory relief adjudicating that the Defendants' telephone Messages violate the FDCPA pursuant to 28 U.S.C. §§ 2201, 2202;

D.  Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

E.  For such other and further relief as may be just and proper.

**PHILIP D. STERN & ASSOCIATES, LLC**
*/s/ Philip D. Stern*

Dated: December 21, 2009

PHILIP D. STERN
Attorneys for Plaintiff, Mark A. Apostolou, and all others similarly situated

pds1438